## RYAN v. KENNEDY ET AL.

1. **Highway:** DEDICATION: FACTS CONSTITUTING. Where a road supervisor, in opening a road, at the request of a land-owner deflected slightly from the line of the road as established, and the road thus laid out and opened was worked and traveled for fourteen years, *held* that there was a dedication on the part of the land-owner, and that the public acquired a right to have the road kept free from obstructions erected therein by him

*Appeal from Jasper District Court.*

THURSDAY, OCTOBER 18.

ACTION for an injunction to restrain the defendant, Kennedy, as road supervisor, from removing a fence from an

alleged public highway. A temporary injunction was grant-
ed, and the same was afterward dissolved. From the order
dissolving the injunction the plaintiff appeals.

*Ryan Bros.*, for appellant.

*Winslow & Wilson*, for appellees.

ADAMS, J.—The evidence, we think, shows that the road
in question was dedicated to the public about fourteen years
prior to the commencement of the action, by one James Far-
ley, who was the owner of the land at that time, and that the
road has been worked and traveled as a public highway ever
since. The facts appear to be substantially as follows: A
road was duly established by the board of supervisors very
near the line of the road as traveled. When the road super-
visor proceeded to open the road that had been established,
he followed the line of the road as established a part of the
way, but, at the request of Farley, the land-owner, he deflected
a little at one or two points. This request of Farley, and the
action of the road supervisor in opening the road as requested,
and of the public in traveling the road as opened, constitute
the foundation of whatever right the public has outside of
the line upon which the road was originally established. The
plaintiff claims that this is insufficient, because it was not
within the power of Farley and the road supervisor to change
a road duly established. To this we have to say that it may
be that such power is wanting, but that is not the question
before us. We are not concerned to inquire whether the
road as established ceased to exist when the rights of the pub-
lic attached to the road as travelled. For the purposes of
the opinion, it might be conceded that the road as established
still exists. What we hold is, merely that the public acquired
the rights as claimed by the defendants. We think that the
injunction was properly dissolved.

AFFIRMED.